IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAKISHA LOVE, etc.,            )
                               )
            Plaintiff,         )
                               )
     v.                        )     No.  07 C 5714
                               )
FRONTIER INSURANCE COMPANY, et al.,)
                               )
            Defendants.        )

## MEMORANDUM OPINION AND ORDER

This action by a judgment creditor in a medical malpractice action, brought against the doctor's insurers, was originally filed in the Circuit Court of Cook County, but was then timely removed to this District Court on diversity of citizenship grounds. When counsel for plaintiff Lakisha Love ("Love") then filed a motion to remand by pointing to the special exception contained in 28 U.S.C. §1332(c)(1)[1] establishing a third state of citizenship for insurance corporations sued in direct actions where the insured is not joined as a party defendant, this Court initially expressed its inclination to grant the remand motion. But when further elaboration demonstrated that Love's partial reliance on her status as the doctor's assignee meant that this action was to that extent equivalent to a suit by the insured himself against the insurer--thus taking the case out of that statutory exception under the caselaw construing the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

statute--this Court ruled that the case would stay in this District Court.[2]

With one of the original codefendants (National Indemnity Company) then having been dismissed out voluntarily, the remaining defendants (several related insurance companies that are collectively termed the "Frontier Defendants") have filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss, relying on the fact that one of the Frontier Defendants--Frontier Insurance Company in Rehabilitation (singly referred to in this opinion as "Frontier")--is the subject of a rehabilitation proceeding in the State of New York. That, say Frontier Defendants, vests in the New York courts the sole jurisdiction of any lawsuits, claims or proceedings against Frontier, a limitation that courts in this state must assertedly honor because both Illinois and New York have enacted the Uniform Reciprocal Liquidation Act (the Illinois version is found at 215 ILCS 5/221.1 to 221.13).

In that respect Frontier Defendants call to their aid an opinion issued by this Court's former colleague and good friend, the late Honorable Nicholas Bua, in Sears, Roebuck & Co. v. Northumberland Gen. Ins. Co., 617 F.Supp. 88 (N.D. Ill. 1985). But with all respect to Judge Bua, a fine jurist in his own

---

[2] Because diversity jurisdiction is involved, Love's other claim--brought in her capacity as Special Administrator of the Estate of Yolanda Price (the judgment creditor)--is within the scope of this District Court's supplemental jurisdiction under Section 1367(a).

2

right, the response by Love's counsel has all the better of it.

It is not simply that we who labor in the District Court, as our Court of Appeals points out from time to time, do not make precedent--indeed, when it comes to Illinois law, which is made applicable here under <u>Erie v. Tompkins</u> principles, the Court of Appeals does not make Illinois law either. In terms of precedent-creating federal courts, Love first cites to and quotes from the thoughtful and meticulously reasoned decision in <u>Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.</u>, 421 F.3d 835, 849-50 (9th Cir. 2005).[3] That analysis, of course, carries persuasiveness only through the force of its reasoning--but this Court is directly bound by the other case cited by Love's counsel, <u>Mahan v. Gunther</u>, 278 Ill.App.3d 1108, 663 N.E.2d 1139 (5th Dist. 1996).

<u>Mahan</u> employs extraordinarily strong language in rejecting the notion that a New York injunction or the provisions of that state's liquidation statute--though made reciprocal by the Illinois statute--may bind a litigant such as Love, who has had no contacts at all with New York and who institutes an in

---

[3] This Court is doubly indebted to Honorable Marsha Berzon, author of the <u>Hawthorne</u> opinion, with whom this Court has previously been honored to sit by designation in the Ninth Circuit--both for that opinion's analysis and because one of this Court's two fine law clerks this year, Georgia Alexakis, came to the current clerkship after having spent the prior year clerking for Judge Berzon (and earning a well-deserved recommendation from her).

3

personam action such as the present one against a New York insurer in liquidation. Here is how Mahan spoke of and quoted the earlier Illinois Supreme Court opinion in James v. Grand Trunk W. R.R., 14 Ill.2d 356, 372, 152 N.E.2d 858, 867 (1958), an opinion that--like Mahan--might well have been written for this case:

> Our supreme court said it best:
>
>> [T]his court need not, and will not, countenance having its right to try cases, of which it has proper jurisdiction, determined by the courts of other States, through their injunctive process. We are not only free to disregard such out-of-State injunctions, and to adjudicate the merits of the pending action, but we can protect our juris-diction from such usurpation by the issuance of a counterinjunction restraining the enforcement of the out-of-State injunction.

In that respect this case has put this Court in mind of perhaps the first case it learned about in law school some six decades ago, one that delivered a message so powerful as to the requirements for in personam jurisdiction that its name and the rhetorical question posed by one of the Law Lords--Lord Ellenborough--remain sharp in memory even now. That case was Buchanan v. Rucker, 9 East 192, 103 Eng. Rep. 546 (K.B. 1808), and the rhetorical question was:

> Can the island of Tobago pass a law to bind the rights of the whole world?[4]

---

[4] [Footnote by this Court] Lest the reader suspect that only the psyche of this Court was permanently impacted by the just-quoted question, Supreme Court Justice Breyer had occasion

4

In sum, this action against Frontier Defendants survives in this District Court. Their Rule 12(b)(6) motion is denied, and they are ordered to answer the Complaint on or before December 17, 2007. This Court will retain the presently scheduled December 6 status hearing date to discuss what sort of timetable the litigation may call for.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 3, 2007

---

to quote the identical language (labeling it "Lord Ellenborough's famous rhetorical question") in his dissent from the denial of certiorari in <u>Torres v. Mullin</u>, 540 U.S. 1035, 1041 (2003). It seems that there was a time when <u>Buchanan v. Rucker</u> was part of Civil Procedure I in more than one of our country's leading law schools.