IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAKISHA LOVE, etc.,           )
                              )
            Plaintiff,        )
                              )
    v.                        )      No. 07 C 5714
                              )
FRONTIER INSURANCE COMPANY, et al.,)
                              )
            Defendants.       )

MEMORANDUM

Frontier Insurance Company ("Frontier") has now filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Lakisha Love ("Love"), who seeks to impose liability on Frontier for its asserted refusal to have put its medical malpractice policy on the table to settle a claim against its insured, Dr. Leopoldo Jurado. When the case then went to trial, a $5.5 million judgment was entered against Dr. Jurado--a far cry from the $250,000 policy limit.

Most of Frontier's ADs tender arguments that are based on its being the subject of a New York rehabilitation proceeding, a defense that this Court has found wanting as a matter of law. Although there is no need to review the bidding in that respect, Frontier's current recasting of its contentions has brought the situation into sharper focus in one respect, occasioning this additional memorandum.

AD 4 urges <u>Burford</u> abstention on the premise that Love is engaged in "an attempt to jump ahead of thousands of other

creditors." But the claim here is not like one on a surety bond or a dispute involving reinsurance--claims of the type that Mountain Funding, Inc. v. Frontier Ins. Co., 329 F.Supp.2d 994 (N.D. Ill. 2004) describes as the reason for Burford abstention. Instead Love seeks to have her rights (or the absence of such rights) determined in a conventional judicial proceeding best suited to address such claims, rather than the claim procedure established in the rehabilitation proceeding. When that takes place, and if Love proves successful in establishing and quantifying her right, this Court sees no problem in her then-established claim having to be advanced for potential satisfaction in the New York rehabilitation proceedings (if Frontier has not yet emerged from them).

What Frontier is urging here strikes this Court as nothing more than sheer stalling to delay the resolution of Love's claim on the merits. This Court should not of course be misunderstood as expressing any view as to the substantive merit or lack of merit in Love's claim--only an interest in resolving the respective rights and obligations of the parties in substantive terms. As this Court has previously ruled, this case will go forward here.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 19, 2007